UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00157-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ANTONIO LATTIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a letter motion filed *pro se* by Antonio Lattin ("Lattin"). See Record Document 207. Lattin was denied enrollment in the Residential Drug Abuse Program ("RDAP") and asks this Court to send a letter and/or documentation citing its recommendation for his participation in the RDAP. See id.

It is solely within the authority of the Federal Bureau of Prisons ("BOP") to select those prisoners who will be best served by participation in the RDAP. See U.S. v. Jackson, 70 F.3d 874, 877 (6th Cir. 1995), *abrogated on other grounds by* U.S. v. Deen, 706 F.3d 760 (6th Cir. 2013). Congress authorized BOP to provide substance abuse treatment for those prisoners who, according to its determination, have a treatable condition of substance addiction or abuse. See 18 U.S.C. § 3621(b). Moreover, under the federal regulations, BOP "has broad authority to manage the enrollment of prisoners in drug abuse treatment programs." Id., citing 28 C.F.R. §§ 550.53, 550.56(b), and 550.56(d)(2); see also U.S. v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354 (1992) (stating that after a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence). The Fifth Circuit has reasoned that "even though a district court does not have the authority to order a defendant's participation in a prison drug rehabilitation program, it may recommend that a prisoner receive drug rehabilitation

treatment while incarcerated." Jackson, 70 F.3d at 878; see also 28 C.F.R. § 550.54(a)(1)(iii).

Based on the foregoing principles, Lattin's letter motion is **DENIED**. The sole authority to select those prisoners who will be best served by participation in the RDAP rests with BOP. At the time of its determination that Lattin did not qualify for the RDAP, BOP had in its possession this Court's judgment of June 14, 2010, which recommended that Lattin be screened for placement in the RDAP. See Record Document 165 at 2. This Court lacks the authority to do anything more and sending a letter or other documentation restating its previous recommendation set forth in the judgment appears ineffectual at this stage.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of October, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE